110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Eduardo BERMUDEZ-BLANCO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70226.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1997.*
Decided March 20, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Ayp-rwq-noc.
 BIA
 REVIEW DENIED.
 Before: ALARCN, BEEZER, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Oscar Bermudez-Blanco is a Nicaraguan citizen who entered the United States without inspection in 1989. The Immigration and Naturalization Service subsequently commenced exclusion proceedings against him. He conceded deportability and applied for asylum pursuant to 8 U.S.C. § 1158(a) and withholding of deportation pursuant to 8 U.S.C. § 1253(h). The Immigration Judge denied Bermudez-Blanco's application for asylum and withholding of deportation. Bermudez-Blanco appealed his denial to the Board of Immigration Appeals ("BIA"). The BIA affirmed the denial. Bermudez-Blanco petitions us for review. We deny the petition.
 
 
 3
 * To be eligible for asylum, an alien must show that he is unable or unwilling to return to his country because he has suffered past persecution or has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). We conclude that Bermudez-Blanco's brief detentions and the placement of the "Contra" sign at his residence by Sandinista authorities do not establish that he suffered past persecution within the meaning of the statute. See Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987).
 
 
 4
 We hold that substantial evidence support's the BIA's determination that Bermudez-Blanco does not have a well-founded fear of future persecution. The BIA noted that the change in Nicaragua's government ended Sandinista military conscription.[1] Because he would serve in the military of a democratic government, Bermudez-Blanco fails to establish that he will be subject to persecution on the basis of conscientious objector status. In addition, Bermudez-Blanco's family continues to live in Nicaragua without incident. As such, the record does not compel a conclusion to the contrary. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 II
 
 5
 Because Bermudez-Blanco failed to satisfy the lower standard required to establish eligibility for asylum, his claim for withholding of deportation necessarily fails. Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996).
 
 
 6
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Bermudez-Blanco's contentions that the BIA erred by taking administrative notice of the change in government or by not allowing him to submit additional information